First Nat. Bank of Jackson *v.* United States Fidelity & Guaranty Co. *et al.*

(Division B. March 14, 1932.)

[140 So. 229. No. 29885.]

**Fulton Thompson** and **Chalmers Alexander**, both of Jackson, for appellant.

Franklin, Easterling & Rosenthal, of Jackson, for appellees.

810

**Anderson, J.,** delivered the opinion of the court.

The First National Bank of Jackson filed its bill in this case against the United States Fidelity & Guaranty Company, J. A. Logue, and his wife, Mrs. Julia C. Logue, and others, to recover damages on a receiver's bond given for the appointment of the receiver, without notice, in the case of J. A. Logue et al. v. J. B. Stirling and the First National Bank and others, pending at the time in the chancery court in the First district of Hinds county. Appellees demurred to the bill, which demurrer was sustained by the court and the bill dismissed. From that decree appellant prosecutes this appeal.

In the cause of J. A. Logue and wife and others v. J. B. Stirling and the First National Bank and others, above referred to, the chancery court appointed a receiver, under section 437 of the Code of 1930, without notice, and made an order authorizing the receiver to lease certain plantations involved in the cause. The defendants made a motion to have the receiver discharged, which motion was overruled by the court. From those two interlocutory decrees they prosecuted separate appeals without supersedeas, as they had the right to do under the law. The supreme court, on appeal, held that complainant's bill in that case was without merit and

reversed the decree overruling the motion to discharge the receiver, but affirmed the decree authorizing the receiver to lease the plantations, and remanded the cause to the chancery court. The opinion of the court in that case will be found reported in 154 Miss. 812, 123 So. 825, styled Stirling et al. v. Logue et al. In order to properly understand the decision of the court in the present case it is necessary that the opinion in that case be read.

The bill in this case sets out the history of the litigation in that case up to and including its decision by the supreme court, and, in addition, alleges, in substance, that when the mandate of the supreme court went down the chancery court proceeded as speedily as practicable to dismiss the bill and discharge the receiver. In other words, that the chancery court proceeded to dispose of the case in accordance with the principles laid down by the supreme court. It is plainly and distinctly alleged in the bill in this case that the chancellor rendered a final decree in that case dismissing the bill and discharging the receiver.

Section 437, Code 1930, provides that, before a receiver shall be appointed, without notice, the party applying for the appointment shall execute bond payable to the adverse party in a sufficient penalty, to be fixed by the chancellor, and with sufficient sureties conditioned to pay all damages which may be sustained by the appointment of a receiver in case the appointment is revoked, and that such damages may be recovered on the bond in that suit in the same manner as damages are recoverable on an injunction bond, or the party entitled to damages may maintain an independent suit on such bond therefor.

The bond provided by the statute guarantees the rightfulness of the appointment of the receiver. If the order appointing the receiver is revoked because he was wrongfully appointed, the bond is breached, and this is true regardless of whether the revocation is by interlocutory

decree or final decree, and also regardless of whether the decree denominates such action of the court a discharge or a revocation of the appointment. If the receiver is discharged on final decree because he ought not to have been appointed, such discharge is as thorough a revocation of his appointment as an interlocutory decree revoking his appointment on the same ground.

Appellees lay stress on the fact that the supreme court in Stirling et al. v. Logue et al., held that there was no error in the decree of the chancery court authorizing the receiver to lease the plantations involved in that cause. They argue that it follows that a receiver was necessary, therefore he was rightfully appointed. We do not think there is any force in this position. It is true that in order to protect the rights of the parties in that case, pending the litigation, it was necessary to authorize the receiver to lease the plantations, but it is also true that such necessity was brought about by the fact of the wrongful appointment of the receiver. The holding of the supreme court in that case, that the bill was without merit and that the receiver ought not to have been appointed, meant that the custody of the plantations involved had been wrongfully taken away from Stirling, the trustee, and turned over to the receiver. The fact that the receiver was used by the court for a necessary purpose, pending the litigation, does not mean that he was rightfully appointed. On the contrary, such use became necessary because he was wrongfully appointed. For the time being Stirling, the trustee, had been deprived of the possession and control of the plantations, and the receiver had been wrongfully put in their possession and control. The Logues and the sureties on their receiver's bond will not be permitted to take advantage of their own wrong in having the receiver appointed, and thereby escape liability on the bond.

Appellees argue that there is a gap in appellant's bill;

that for aught appears therein conditions may have arisen after the case of Stirling et al. v. Logue et al., was reversed and remanded to the chancery court that made a receiver necessary and his appointment valid. We do not think there is any merit in this contention. The bill fairly interpreted alleges that when that cause went back to the chancery court nothing was done except as speedily as practicable to terminate the cause and discharge the receiver in accordance with the principles laid down by the supreme court in its opinion.

Reversed and remanded.